# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Randy SPENCER
### Machinery Technician Second Class, U.S. Coast Guard

## CGCMG 0159

## Docket No.  1129

## 21 December 2000

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia on September 7-10, 13-15, 17, 1999.

| | |
|---|---|
| Military Judge: | CAPT Robert Bruce, USCG |
| Trial Counsel: | LCDR Scott Memmott, USCG |
| Detailed Defense Counsel | LT Glen Gerding, JAGC, USNR |
| Assistant Defense Counsel | LT Jennifer Strazza, JAGC, USNR |
| Appellate Defense Counsel: | LT Bruce K. Walker, USCGR |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

## BEFORE
## PANEL EIGHT
## BAUM, MCLELLAND[*] & CASSELS,
### Appellate Military Judges

Per Curiam:

      Appellant was tried by General Court-Martial, by military judge and members.  In accordance with his pleas of guilty, Appellant was convicted of four specifications of wrongful use of marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ).   Despite his pleas of not guilty, Appellant was convicted of one specification of making a false official statement in violation of Article 107, UCMJ; two specifications of wrongful use of marijuana in violation of Article 112a, UCMJ, and one specification of wrongfully communicating a threat to a witness in violation of Article 134, UCMJ.  Appellant was also found guilty of one specification of wrongful possession of marijuana in violation of Article 112a, UCMJ, but the military judge dismissed that specification after findings as multiplicious.  Appellant was sentenced to be confined for eighteen months, to be reduced to E-2, to forfeit all pay and allowances, and to be discharged from the Coast Guard with a bad-conduct discharge.  The convening authority approved the sentence as adjudged, but suspended for twelve months the confinement in excess of fifteen months.

---

[*] Judge McClelland did not participate in the opinion.

Before this Court, Appellant has assigned five errors.  In his first assignment of error, Appellant asserts that the military judge erred when he denied three defense challenges for cause based upon bias.  Appellant concedes that no actual bias existed, but argues that implied biases of the three challenged members cast doubt upon their ability to remain impartial.  The test for implied bias is whether, viewed through the eyes of the public, there is substantial doubt as to the legality, fairness, and impartiality of the proceedings. *United States v. Minyard*, 46 M.J. 229, 231 (1997); *United States v. Armstrong,* 51 M.J. 612 (C.G.Ct.Crim.App. 1999).  Applying that test, we have determined that the military judge did not err when he denied the three challenges for cause.  As a second assignment, Appellant contends that the military judge erred in ruling that grants of immunity to three government witnesses did not violate a federal statute that prohibits giving witnesses anything of value in exchange for their testimony in a criminal trial.  To the contrary, granting immunity to Government witnesses in exchange for truthful testimony is expressly authorized by Rule 704(a)(2) of the Rules for Courts-Martial (RCM).  Moreover, it is an accepted practice that enjoys wide support in the federal courts.  See *United States v. Singleton*, 165 F. 3d 1297, 1301 (10th Cir. 1999).  The assignment is without merit.

Appellant asserts in his third assignment of error that the Government failed to prove beyond a reasonable doubt that Appellant obstructed justice by communicating a threat to a witness.  We have applied both the legal and factual sufficiency tests of *United States v. Turner*, 25 M.J. 324 (1987) in our review of this record.  Considering the evidence in a light most favorable to the prosecution, a reasonable fact finder could have found all of the elements of the offense proven beyond a reasonable doubt.  Furthermore, the evidence of record convinces us of Appellant's guilt beyond a reasonable doubt.  Accordingly, this assignment of error is rejected. Appellant's fourth assignment, which asserts that his sentence is disproportionate to the offenses for which he was convicted, is also rejected.  Finally, for the same reasons set forth in *United States v. Czeschin*, __ M.J. __ (C.G.Ct.Crim.App., 18 December 2000), we find no merit to Appellant's fifth assignment challenging his conviction for a false official statement made during interrogation.

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.



For the Court


James P. Magner
Clerk of the Court