# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Thomas O. ARMSTRONG

## Chief Quartermaster, U.S. Coast Guard

## CGCMG 0120

## Docket No. 1076

## 29 September 1999

General Court-Martial convened by Commander, Eleventh Coast Guard District. Tried at Long Beach, California, on 18-23 March 1996.

Military Judge: CAPT Lane I. McClelland, USCG

Trial Counsel: LT Sean P. Gill, USCGR

Individual Military Defense Counsel: LCDR William J. Shelton, USCGR

Appellate Defense Counsel: LT Richard R. Beyer, USCGR

Appellate Government Counsel: LT William G. Rospars, USCG

### BEFORE
### PANEL FOUR

### BAUM, KANTOR AND WESTON

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial with officer members. He was convicted of the following offenses pursuant to guilty pleas entered in accordance with a pretrial agreement: two specifications of violating a lawful general order by engaging in an inappropriate relationship with a subordinate in violation of Article 92, of the Uniform Code of Military Justice (UCMJ); two specifications of larceny in violation of Article 121, UCMJ; and 26 specifications of making and uttering forged checks in violation of Article 123, UCMJ. He was also convicted of the following offenses to which he had pled not guilty: one specification of failure to obey a lawful general order and eight specifications of dereliction of duty in violation of Article 92, UCMJ; one specification of making a false official statement in violation of Article 107, UCMJ; one specification of larceny in violation of Article 121, UCMJ; one specification of making a false claim in violation of Article 132, UCMJ; and one specification of communicating indecent language in violation of Article 134, UCMJ. The members sentenced appellant to confinement for one year, reduction to paygrade E-6, and a fine of $1200, with the recommendation that the fine be reduced to $500, if Appellant made restitution to four named individuals. The court also recommended that Appellant receive appropriate alcohol treatment during his confinement. The convening authority approved the adjudged sentence as within the terms of the pretrial agreement and ordered it executed, except for the fine, which was remitted. Before this Court, Appellant has assigned two errors: (1) that the military judge erred to Appellant s substantial prejudice by denying a challenge for cause of one of the court members, and (2) that the evidence is legally insufficient to support a finding of guilty to two of the dereliction of duty specifications. Both assignments of error were orally argued to the Court and were subsequently augmented by both Appellant and the Government with supplemental briefs. We reject the second assignment of error, but deem the first to have merit.

**The Military Judge s Denial of Appellant s Challenge for Cause**

One of the assigned court members was a Lieutenant Commander (LCDR), who was serving as Chief, Intelligence Section, Law Enforcement Branch, Long Beach, California, on the staff of the convening authority, and considered himself a career law enforcement officer. (R. at AE VIII, enclosure (2); R. at 135.) This officer s answers to questions during *voir dire* examination revealed that as part of his regular daily duties he attended morning briefings at which he and the rest of his office would gather around a table and discuss investigations and other operations of interest. On at least two or three occasions, he listened as special agents briefed on the investigation of Appellant. In his own words:

> I heard them talking about what he [the accused] may have done and I heard
> the charge of which I am most familiar with is [sic] the money from the
> Chief s fund, and relative to the coke machine, and that kind of thing, other
> than that, all I recall is his name, and no real detail, ma am. Possibly some
> judgments--

(R. at 132) Later, when asked by defense counsel about the judgments he had heard, the LCDR characterized them as "disparaging comments." (R. at 139) The lead agent in the investigation against Appellant also sat at the table with trial counsel and assisted in the case. (R. at 96) That agent worked with the LCDR at the District Office of Law Enforcement. On questioning from trial counsel, the LCDR

assured the judge and counsel that there was no doubt in his mind that the information heard at the morning briefings would not prejudice his ability to fairly and impartially decide Appellant s case. Appellant, nevertheless, challenged the officer for cause. The military judge denied the challenge, finding that the member was earnest, candid, and able to put aside what he had heard about the case and the accused, and would make decisions solely on what came into evidence at the court-martial. (R. at 147-48). Thereafter, Appellant exercised his one peremptory challenge against that officer, and explained that, but for the judge s denial of the challenge for cause, he would have used his peremptory challenge on another member. In so doing, he comported with the requirements of RCM 912(f)(4) and, thereby, preserved the right to contest the judge s denial of the challenge for cause as an assigned error before this Court. *United States v. Jobson*, 31 M.J. 117, 120 (CMA 1990).

Citing R.C.M. 912(f)(1)(N) as a ground, Appellant asserts that the military judge should have granted the defense challenge for cause on the basis of implied bias. R.C.M. 912(f)(1)(N), which states that a member shall be excused for cause whenever it appears that he "[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality," has been held to encompass both actual bias and implied bias. *United States v. Rome*, 47 M.J. 467, 469 (1998). *United States v. Warden*, 51 M.J. 78, 81 (1999), reaffirms that holding and also provides guidance in distinguishing and applying these two different concepts of bias, drawing on language from prior opinions. "  The test for actual bias [in each case] is whether any bias "is such that it will not yield to the evidence presented and the judge s instructions."  " *United States v. Napoleon*, 46 M.J. 279, 283 (1997) (quoting *United States v. Reynolds*, 23 M.J. 292, 294 (CMA 1987)), *quoted in Warden*, 51 M.J. at 81. "  [A]ctual bias is reviewed  subjectively,  through the eyes of the military judge or the court members. " *Warden,* 51 M.J. at 81 (quoting *United States v. Daulton*, 45 M.J. 212, 217 (1996), *quoted in Napoleon,* 46 M.J. at 283). "On the other hand, implied bias is  viewed through the eyes of the public.  " *Warden*, 51 M.J. at 81 (quoting *Napoleon,* 46 M.J. at 283). "The focus  is on the perception or appearance of fairness of the military justice system.  " *Warden,* 51 M.J. at 81 (quoting *United States v. Dale*, 42 M.J. 384, 386 (1995), *quoted in Napoleon,* 46 M.J. at 283). "There is implied bias  when "most people in the same position would be prejudiced."  " *Warden,* 51 M.J. at 81 (quoting *Daulton,* 45 M.J. at 217, *quoted in Rome,* 47 M.J. at 469).

Applying these tests to the facts of this case, we find that the member s answers provided sufficient justification for a denial of the challenge based on actual bias. Those answers, which the judge characterized as earnest and candid, support the judge s determination that the challenged officer could put aside what he had heard about the case and make his decisions based solely on what came into evidence at the court-martial. Accordingly, the judge did not abuse her discretion in denying an actual bias challenge for cause. In reaching this conclusion, we have reviewed the member s answers to the *voir dire* questions, with appropriate deference to the military judge, recognizing that she observed the demeanor of the challenged member. *See Warden*, 51 M.J. at 81 (noting that actual bias is a question of fact).

However, the same level of deference is not extended to the denial of a challenge for implied bias. *See Warden,* 51 M.J. at 81; *United States v. Youngblood*, 47 M.J. 338, 341 (1997). As noted *supra,* we

review implied bias through the eyes of the public. Here, the military judge s explication of the challenge denial does not address the question of implied bias. Consequently, we are unable to discern whether the military judge, after finding no actual bias, determined that the facts did not warrant the rare invocation of implied bias, or simply that she did not consider the prospect of implied bias. The Government asserts that there was no requirement for the military judge to consider the issue because, according to the Government, Appellant forfeited consideration of implied bias by limiting argument at trial to actual bias. Moreover, the Government contends that we need not consider the issue for the same reason. We disagree. Appellant s challenge for cause based on R.C.M. 912(f)(1)(N) was sufficient to raise both actual and implied bias. *Warden*, 51 M.J. at 81; *Rome,* 47 M.J. at 469. Accordingly, we find that Appellant has not forfeited the issue.

In *United States v. Dale*, 42 M.J. 384, 386 (1995), the challenged member s *voir dire* responses assuring that he would follow the law and keep his mind open, although sufficient to justify a denial of an actual bias challenge for cause, did not overcome the implied bias raised by the member s involvement in law enforcement at the base. Here, we have a court member who was part of the law enforcement branch on the staff of the convening authority, and, as such, was associated with those who investigated the Appellant, regularly sitting in on briefings concerning that investigation. Moreover, the lead investigative agent from the challenged officer s law enforcement branch was both a witness for the prosecution and part of the prosecution team, sitting with the trial counsel throughout the trial. This link by association of the challenged member with the prosecution generates a perception of unfairness and prejudice that the court member s disclaimer simply cannot dispel. Just as in *Dale*, we have concluded that the appearance of unfairness and prejudice is such that implied bias is present. We are convinced that the public s reaction would be that most people in the court member s position would be prejudiced against Appellant. Accordingly, the facts in this case warranted granting a challenge for cause for implied bias. Denial of Appellant s challenge for cause constituted prejudicial error even though the challenged court member did not participate further in the trial after he was subsequently challenged peremptorily. Because of the error, Appellant was required to use his peremptory challenge for a member who should have been struck from the panel for cause. This error cannot be tested for harmlessness. *United States v. Jobson*, 31 M.J. 117, 121 (CMA 1990).

Accordingly, the record must be returned for a rehearing on the sentence and the contested offenses for which there are guilty findings. The findings of guilty based on guilty pleas are not affected by this assigned error and we have determined that they are correct in law and fact. In light of the foregoing, the findings of guilty of the following charges and specifications, which are based on guilty pleas, are affirmed: Charge I and specifications 1,2, and 4 through 27 ; Charge II and specifications 3 and 5; and Charge III and specifications 1 and 2. The remaining findings of guilty and the sentence are set aside. A rehearing on those findings that have been set aside and the sentence, or on the sentence alone, may be ordered.

If a rehearing is deemed impracticable, a supplementary court-martial order would be issued reflecting that determination, along with the affirmed findings of guilty and no sentence. In any event, when action has been completed, the record should be returned to this Court pursuant to *Boudreaux v. U.S. Navy-*

*Marine Corps Court of Military Review,* 28 M.J.181, 182 (CMA 1989).

Judges Kantor and Weston concur.

        For the Court,

    //s//

        Brian A. Johnson
        Clerk of the Court