UNITED STATES, Appellant,

v.

Thomas O. ARMSTRONG, Chief
Quartermaster, U.S. Coast
Guard, Appellee.

No. 00–5002.
Crim.App. No. 1076.

U.S. Court of Appeals for
the Armed Forces.

Argued April 6, 2000.

Decided Aug. 31, 2000.

Sullivan, J., filed dissenting opinion in
which Crawford, Chief Judge, joined.

GIERKE, J., delivered the opinion of the Court, in which EFFRON, J., and COX, S.J., joined. SULLIVAN, J., filed a dissenting opinion in which CRAWFORD, C.J., joined.

For Appellee: *Lieutenant Junior Grade Mark A. Cunningham* (argued).

For Appellant: *Lieutenant Sandra K. Selman* (argued); *Lieutenant Commander Jeffrey Good.*

Judge GIERKE delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellee, on mixed pleas, of larceny (4 specifications), forgery (26 specifications), violating a general order (5 specifications), dereliction of duty (6 specifications), making a false official statement, filing a false claim against the United States, and communicating indecent language, in violation of Articles 121, 123, 92, 107, 132, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 923, 892, 907, 932, and 934, respectively. The court-martial sentenced appellee to be reduced from pay grade E–7 to pay grade E–6, to pay a fine of $1,200, and to be confined for 1 year. The convening authority remitted the fine but approved the remainder of the sentence.

The Court of Criminal Appeals set aside the contested findings of guilty and the sentence on the ground that the military judge erred by denying a defense challenge for cause against a court member. 51 MJ 612 (1999). The General Counsel of the Department of Transportation certified the following issues to our Court:

I

WHETHER THE COURT BELOW ERRED BY FAILING TO APPLY A PLAIN OR OBVIOUS ERROR STANDARD OF REVIEW TO THE MILITARY JUDGE'S DENIAL OF AC-CUSED'S CHALLENGE FOR CAUSE ON GROUNDS OF IMPLIED BIAS WHERE THE ISSUE OF IMPLIED BIAS WAS FIRST RAISED ON AP-PEAL.

II

WHETHER THE COURT OF CRIMI-NAL APPEALS ERRED BY FINDING THAT THE FACTS IN THIS CASE WARRANTED GRANTING A CHAL-LENGE FOR CAUSE FOR IMPLIED BIAS WHERE A COURT MEMBER (1) WAS FOUND TO BE CANDID AND FORTHRIGHT DURING *VOIR DIRE*; (2) WAS EXPOSED TO ONLY LIMITED AND GENERAL FACTS OF THE CASE PRIOR TO TRIAL; (3) HAD A PROFES-SIONAL RELATIONSHIP WITH THE INVESTIGATOR/WITNESS IN THE CASE; AND (4) HAD A LAW EN-FORCEMENT BACKGROUND THAT DID NOT INVOLVE PROSECUTION OF MILITARY MEMBERS.

For the reasons set out below, we affirm.

### Factual Background

A panel member, Lieutenant Commander (LCDR) T, disclosed during *voir dire* that he worked in the same office with Special Agent (SA) Cannon, the lead criminal investigator in appellant's case. SA Cannon sat at the counsel table as a member of the prosecution team and also testified as a prosecution witness. He was one of 14 people assigned to LCDR T's office. They all shared a common workspace.

LCDR T stated that his office has daily meetings and that appellant's case was discussed at those meetings. During the meetings, the agents investigating appellee's case made "disparaging comments" about his character.

Although LCDR T was involved in the law enforcement mission of the Coast Guard for all of his career, it was not police work "in the classical sense." He worked in intelligence, not criminal investigation, and had no personal involvement in appellee's case. He had one assignment as a special agent for the Department of Transportation, but his duties were in counter-terrorism and external to the Coast Guard.

Asked by the military judge if he could be impartial, LCDR T responded, "Yes, ma'am, that is what—and I will remain—I could be impartial, absolutely." Asked if he could disregard what he heard during the daily meetings, he responded, "Without a doubt, yes, ma'am." Asked by defense counsel if the daily meetings might have some impact on his judgment, he responded:

> No, sir. I take my duty—as a Coast Guard officer, very seriously, and I feel that part of my duties are, I have to be whatever I—whatever frame of mind I have to be in, and if it's to be absolutely fair and impartial, then I certainly can do that, and I take that very seriously.

Finally, when asked by trial counsel if he could "fairly and impartial [sic] decide the case on its merits," he responded: "That's correct. There's no doubt in my mind."

Defense counsel challenged LCDR T for cause, based on his exposure to daily discussions about appellee's case and his association with those who investigated it. The military judge denied the challenge for cause, observing that she found LCDR T "quite candid"; "very earnest"; "somebody that has some self-knowledge"; and "quite credible."

The Court of Criminal Appeals agreed with the military judge's conclusion that the defense had not demonstrated actual bias. 51 MJ at 614. Turning to implied bias, the court said that it was "unable to discern whether the military judge, after finding no actual bias, determined that the facts did not warrant the rare invocation of implied bias, or simply that she did not consider the prospect of implied bias." *Id.* The court concluded that "the facts in this case warranted granting a challenge for cause for implied bias." It explained:

> Here we have a court member who was part of the law enforcement branch on the staff of the convening authority, and, as such, was associated with those who investigated the Appellant, regularly sitting in on briefings concerning that investigation. Moreover, the lead investigative agent from the challenged officer's law enforcement branch was both a witness for the

prosecution and part of the prosecution team, sitting with the trial counsel throughout the trial. This link by association of the challenged members with the prosecution generates a perception of unfairness and prejudice that the court member's disclaimer simply cannot dispel.

51 MJ at 615.

### *Discussion—Issue I: Plain Error*

 The Government argues that the court below should have applied a plain-error test, since defense counsel did not specifically articulate a challenge based on implied bias. We reject this argument for two reasons. First, a Court of Criminal Appeals is not constrained by the plain-error doctrine. *United States v. Powell,* 49 MJ 460, 464 (1998), citing *United States v. Claxton,* 32 MJ 159, 162 (CMA 1991). Second, a challenge for cause under RCM 912(f)(1)(N), Manual for Courts–Martial, United States (1995 ed.),* "encompasses 'both actual and implied bias.'" Actual bias and implied bias are separate legal tests, not separate grounds for challenge. *See United States v. Warden,* 51 MJ 78, 81 (1999); *United States v. Napoleon,* 46 MJ 279, 283 (1997); *United States v. Minyard,* 46 MJ 229, 231 (1997); *United States v. Daulton,* 45 MJ 212, 217 (1996). We hold that the court below did not err.

### *Discussion—Issue II: Implied Bias*

██ A military judge's ruling on a challenge for cause is reviewed for abuse of discretion. *Napoleon,* 46 MJ at 283. "A trial court's standard is to grant challenges for cause liberally." *United States v. White,* 36 MJ 284, 287 (CMA 1993).

We recently summarized the law on implied bias in *United States v. Warden, supra,* as follows:

> [I]mplied bias is "viewed through the eyes of the public." *Napoleon, supra* at 283. "The focus 'is on the perception or appearance of fairness of the military justice system.'" *Id.,* quoting *United States v. Dale,* 42 MJ 384, 386 (1995). There is implied bias "when 'most people in the same posi-

---

* This version of RCM 912 was in effect at the time of trial. The current version is unchanged.

tion would be prejudiced.'" [*United States v.*] *Rome,* [47 MJ 467,] 469 [ (1998) ], quoting [*United States v.*] *Daulton,* [45 MJ 212,] 217 [ (1996) ]. We give the military judge less deference on questions of implied bias. *United States v. Youngblood,* 47 MJ 338, 341 (1997). On the other hand, we recognize that, when there is no actual bias, "implied bias should be invoked rarely." *Rome, supra* at 469.

51 MJ at 81–82.

■ When a Court of Criminal Appeals reviews a military judge's rulings, it has the "awesome, plenary, *de novo* power of review" to substitute its judgment for that of the military judge. "In point of fact, Article 66(c), UCMJ, 10 USC § 866(c) (1994) requires the [now Court of Criminal Appeals] to use its judgment to 'determine[ ], on the basis of the entire record' which findings and sentence should be approved." *United States v. Cole,* 31 MJ 270, 272 (CMA 1990).

■ The court below was unable to determine from the record whether the military judge tested for implied bias. 51 MJ at 614. Thus, it made its own judgment. In this situation, the court below was empowered, indeed obligated, to make its own judgment if it believed that implied bias warranted granting the challenge for cause.

■ In our review of the decision of the court below, the question is not how we would have ruled, but whether the court below abused its discretion by making findings of fact that are "clearly erroneous or unsupported by the record," or basing its decision "on 'an erroneous view of the law.'" *United States v. Taylor,* 47 MJ 322, 325 (1997). We do not review decisions on implied bias *de novo,* but we review them "under a somewhat less deferential standard" than actual bias. *See Napoleon,* 46 MJ at 283.

The Government has urged this Court to hold that any prejudice arising from an erroneous ruling on the challenge was removed when the defense peremptorily challenged LCDR T. The Government argues that the recent Supreme Court decision in *United States v. Martinez–Salazar,* 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), overrules this Court's interpretation of RCM 912(f)(4), as expressed in *United States v. Jobson,* 31 MJ 117, 120 (1990).

We disagree with the Government's view of the impact of *Martinez–Salazar.* In that case, the defendant's challenge of a juror for cause was denied, and the defendant then used one of his peremptory challenges to remove the juror. Before the Supreme Court, he argued that the district court abused its discretion in refusing to strike the juror for cause and that this error impermissibly forced the defense to use its peremptory challenge on that juror. The Supreme Court used *Martinez–Salazar* to resolve a split in the federal circuits on the "question whether a defendant's peremptory challenge right is impaired when he peremptorily challenges a potential juror whom the district court erroneously refused to excuse for cause, and the defendant thereafter exhausts his peremptory challenges." 120 S.Ct. at 779. The Supreme Court, declaring that there is no constitutional right to a peremptory challenge, reiterated that neither the Sixth Amendment right to an impartial jury nor the Fifth Amendment right to due process is violated when a defendant chooses to peremptorily challenge a juror who should have been excused for cause. 120 S.Ct. at 779, 780, citing *Ross v. Oklahoma,* 487 U.S. 81, 88, 89–91, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).

The issue in *Martinez–Salazar* was decided on the basis of Fed.R.Crim.P. 24(b), which establishes the number of peremptory challenges available to each side in the United States District Courts. That rule gives the prosecution 6 peremptory challenges and the defense 10 peremptory challenges in a noncapital case involving an offense punishable by more than 1 year. However, Article 41, UCMJ, 10 USC § 841, allows only 1 peremptory challenge for each side in a court-martial, regardless of the maximum imposable punishment, except in cases where additional members are detailed after initial causal and peremptory challenges.

RCM 912(f)(4) establishes procedural rules for preserving a challenge issue for later

appellate review. There is no counterpart to RCM 912(f)(4) in the Federal Rules of Criminal Procedure.

■ As this Court explained in *United States v. Romano*, 46 MJ - 269, 274 (1997), "The military has a hierarchical scheme as to rights, duties, and obligations." When a statute or rule confers a right greater than the Constitution, an accused is entitled to the benefit of that greater right, unless it conflicts with a higher source of law. *United States v. Davis*, 47 MJ 484, 485–86 (1998). RCM 912(f)(4) gave appellee the right to use his peremptory challenge against any member of the panel, even if his challenge of LCDR T was erroneously denied. It also preserved appellee's right to appellate review of the military judge's ruling on the challenge for cause, even though the challenged member was removed by a peremptory challenge. Those rights are not mandated by the Constitution or statute and are not available in a civilian criminal trial.

■ Until RCM 912(f)(4) is modified or rescinded, a military accused is entitled to its protection. It does not conflict with the Constitution or any applicable statute. *Martinez–Salazar* does not preclude the President from promulgating a rule saving an accused from the hard choice faced by defendants in federal district courts—to let the challenged juror sit on the case and challenge the ruling on appeal or to use a peremptory challenge to remove the juror and ensure an impartial jury. *See* 120 S.Ct. at 781. The Supreme Court's decision does not preclude the President from giving the defense in a court-martial the right to save its single peremptory challenge for use against a member not subject to challenge for cause. Finally, the Supreme Court's decision does not preclude the President from prescribing a rule of procedure for preserving a challenge issue for appellate review. The President has done all of the above in RCM 912(f)(4). *See Jobson*, 31 MJ at 120–21.

■ Applying the foregoing principles, we hold that the court below did not abuse its discretion. Unable to discern the military judge's conclusions regarding implied bias, it exercised its "awesome, plenary, *de novo*

power of review." It correctly interpreted the decisions of this Court on implied bias. It used its knowledge and experience to evaluate how the Coast Guard community would perceive LCDR T's presence on the court panel. It applied the liberal-grant mandate. It correctly interpreted and applied RCM 912(f)(1)(N). We hold that the court below did not abuse its discretion.

### Decision

The certified questions are answered in the negative.

The decision of the United States Coast Guard Court of Criminal Appeals ordering a combined rehearing is affirmed.

SULLIVAN, Judge, with whom CRAWFORD, Chief Judge, joins (dissenting):

The Court of Criminal Appeals is a court of law which is required to follow the law when reviewing a court-martial. Article 66, UCMJ, 10 USC § 866 (1994), in no way suggests that that Court is *free to ignore the law* of plain error when conducting a review on a question of law. *See United States v. Claxton*, 32 MJ 159, 165 (CMA 1991) (Sullivan, C.J., concurring in part and in the result).

Both the United States Coast Guard Court of Criminal Appeals and now this Court ignore our unanimous decision in *United States v. Ai*, 49 MJ 1, 4–5 (1998). *Ai* held that if an accused did not expressly challenge a member on an implied-bias basis at trial, a post-trial claim of this issue is only reviewed for plain error. *United States v. Warden*, 51 MJ 78, 82 (1999), cites *United States v. Ai, supra*, with approval and does not purport to overrule it in any way. Appellee here made only an objection on actual bias during his court-martial. Accordingly, he did not properly preserve the issue of implied bias, and it should now be reviewed under a plain-error standard. 49 MJ at 5. In view of our case law, it cannot be said that the military judge committed plain error when she did not *sua*

*sponte* excuse Lieutenant Commander T on the basis of implied bias. *Compare United States v. Warden, supra* at 82 (affirming on implied-bias question), *with United States v. Dale*, 42 MJ 384 (1995) (reversing on implied-bias question).

I would answer both certified questions in the affirmative. The Court of Criminal Appeals was wrong on both issues and their decision should be reversed. I respectfully dissent.