UNITED STATES, Appellee

v.

Christopher T. MILES, Airman First Class
U.S. Air Force, Appellant

No. 01-0653

Crim. App. No. 34094

United States Court of Appeals for the Armed Forces

Argued January 8, 2003

Decided April 10, 2003

GIERKE, J., delivered the opinion of the Court, in which EFFRON, BAKER, and ERDMANN, JJ., joined. CRAWFORD, C.J., filed a separate dissenting opinion.

<u>Counsel</u>

For Appellant: Captain Kyle R. Jacobson (argued); Lieutenant Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, Major Terry L. McElyea, and Major Jeffrey A. Vires (on brief).

For Appellee: Captain Matthew J. Mulbarger (argued); Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, and Captain Christa S. Cothrel (on brief).

Military Judge: Dennis R. Kramer

**This opinion is subject to editorial correction before final publication.**

Judge GIERKE delivered the opinion of the Court.

A general court-martial convicted Appellant, pursuant to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2002). The adjudged and approved sentence, imposed by a panel of officer and enlisted members, provides for a bad-conduct discharge, confinement for three months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Miles, ACM 34094 (A.F. Ct. Crim. App. Apr. 24, 2001).

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING DEFENSE COUNSEL'S CHALLENGE FOR CAUSE AGAINST [LIEUTENANT COLONEL] FERNANDEZ.

For the reasons set out below, we reverse.

## Factual Background

During the military judge's inquiry into Appellant's guilty pleas, Appellant told the military judge that sometime between September 28 and October 12, 1999, he went boating with friends, met a young woman, and later accompanied the woman to a party. At the party, Appellant drank two or three beers in addition to the alcoholic beverages he had consumed during the day. Someone at the party offered Appellant a tray containing a white powdery substance, and Appellant snorted it. He felt no effect from the substance, but a urinalysis after the party tested positive for cocaine.

During general voir dire, defense counsel asked the members, "Has anyone known someone, had a family member or friend, a co-

2

worker who's ever been a victim of a crime where alcohol or drugs were involved?" Lieutenant Colonel (Lt Col) Michael Fernandez responded that his nephew was born with a form of epilepsy as a result of his mother's cocaine use during pregnancy, and that as a result his nephew died when he was 10 years old. Lt Col Fernandez said that the charges in this case triggered memories of his nephew's illness and death, because the charges reminded him of a newspaper article about the effects of drug abuse that he had written for the base newspaper. Defense counsel asked, "Sir, is there anything about that that would weigh on your conscience in going over the facts and circumstances of this case?" Lt Col Fernandez responded in the negative.

During individual voir dire, Lt Col Fernandez explained that every week a different commander is tasked to write an article for the base newspaper. Lt Col Fernandez described his article as a "self experience." Asked to describe the article in more detail, he explained:

> Well, basically, it talked about the impact of using cocaine, how it affects folk's [sic] lives, and sometimes we think it just affects the person who used the cocaine, when, in fact, it [sic] I was trying to point out that it affects other folks as well. Case in point being my nephew, where he had no involvement with cocaine, but then his mother using it during her pregnancy and then him being born and the effect it had on him.

Lt Col Fernandez said that, in addition to discussing the impact of drugs on his nephew, his article connected drug use to the military. He explained:

> I make people look inside and think about is it worth it, using the drugs, how would they feel flying in an aircraft where a pilot was under the influence, or being on an airplane where an air traffic controller,

3

> who's controlling the aircraft, is under the influence, or a doctor who's performing some type of lifesaving surgery being under the influence of alcohol or drugs.

Lt Col Fernandez stated that the newspaper is circulated "pretty much to the entire base population," and that the article is "usually on the inside of the front page," with a picture of the author as well as his name and duty title. The article was scheduled to be published four days after the court-martial convened.

Trial counsel, observing that "[e]vidently it was a very traumatic experience for you and your family," asked Lt Col Fernandez if he "[w]ould... be able to set aside the situation" as well as the article itself and decide the case solely on the facts. Lt Col Fernandez responded in the affirmative. Neither the military judge nor counsel for either side asked Lt Col Fernandez to produce the text of the article.

The military judge denied a challenge for cause against Lt Col Fernandez, stating that he did not find actual or implied bias. The defense counsel then exercised a peremptory challenge against Lt Col Fernandez, stating that he would have used the peremptory challenge elsewhere if the challenge for cause had been granted.

The Court of Criminal Appeals held that the military judge did not abuse his discretion by denying the challenge. Based on Lt Col Fernandez's "honest and forthright" responses during voir dire, the court below agreed with the military judge's determination that there was no actual bias. With respect to implied bias, however, the court below found it "somewhat harder

to pin down." The court concluded its review of implied bias by stating: "Out of an abundance of caution, another judge might have granted the challenge for cause based on the timing between the court-martial and the publication of the article. However, that is not the test. We find this judge did not abuse his discretion by denying the challenge." Miles, ACM 34094, slip opinion at 5.

## Discussion

Before this Court, Appellant focuses on implied bias, arguing that "Lt Col Fernandez's personal experiences with, and views on, the effects of cocaine use would cause an objective observer of the military justice system to doubt the fairness of [A]ppellant's court-martial." The Government argues that Lt Col Fernandez was not necessarily disqualified because his nephew was a victim of drug abuse, and that Lt Col Fernandez's decision "to make his personal situation public" does not, by itself, create an appearance of bias.

Rule for Courts-Martial [hereinafter R.C.M.] 912(f)(1)(N) requires that a member be excused for cause whenever it appears that the member "[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." This rule includes actual bias as well as implied bias. United States v. Daulton, 45 M.J. 212, 217 (C.A.A.F. 1996). Actual bias and implied bias are separate tests, but not separate grounds for a challenge. See United States v. Armstrong, 54 M.J. 51, 53 (C.A.A.F. 2000). "The focus of this rule is on the perception or appearance of

fairness of the military justice system." United States v. Dale, 42 M.J. 384, 386 (C.A.A.F. 1995). There is implied bias "when most people in the same position would be prejudiced." United States v. Smart, 21 M.J. 15, 20 (C.M.A. 1985). "Implied bias is viewed through the eyes of the public, focusing on the appearance of fairness." United States v. Rome, 47 M.J. 467, 469 (C.A.A.F. 1998).

Military judges are enjoined to be liberal in granting challenges for cause. See Smart, 21 M.J. at 18-19 n. 1. Because a challenge for cause for actual bias is essentially one of credibility," the military judge's decision is given "great deference" because of his or her opportunity to observe the demeanor of court members and assess their credibility during voir dire. Daulton, 45 M.J. at 217 (citations ommitted). However, implied bias is reviewed under an objective standard. Id. Thus, we give the military judge less deference on questions of implied bias. United States v. Youngblood, 47 M.J. 338, 341 (C.A.A.F. 1997). "[I]ssues of implied bias are reviewed under a standard less deferential than abuse of discretion but more deferential than de novo." United States v. Downing, 56 M.J. 419, 422 (C.A.A.F. 2002).

A member is not per se disqualified if he or she or a close relative has been a victim of a similar crime. Where a particularly traumatic similar crime was involved, however, we have found that denial of a challenge for cause violated the liberal-grant mandate. See Daulton, 45 M.J. at 214 (sister and mother of court member sexually abused); Smart, 21 M.J. at 16 (member was victim of multiple armed robberies).

Applying the test for implied bias, we hold that the military judge abused his limited discretion and violated the liberal-grant mandate in this case. Lt Col Fernandez's 10-year-old nephew died as a result of his mother's prenatal use of cocaine. He described this tragedy in his article for the base newspaper that was scheduled to be published shortly after Appellant's court-martial. The record does not reflect whether the trial counsel's comment about the traumatic nature of this event was based on his observation of Lt Col Fernandez's demeanor or by his familiarity with the text of the article. Nevertheless, trial counsel's comment that the event "evidently" was "a very traumatic experience" reflects the trial counsel's awareness, notwithstanding Lt Col Fernandez's sincere disclaimer during voir dire, that Lt Col Fernandez had been personally affected by another person's drug abuse. We conclude that asking Lt Col Fernandez to set aside his memories of his nephews' death and to impartially sentence Appellant for illegal drug use was "asking too much" of him and the system. See Daulton, 45 M.J. at 218; see also Dale, 42 M.J. at 386.

Furthermore, apart from Lt Col Fernandez's personal experience with the effects of drug abuse, the scheduled publication of his "self-experience" four days after his participation in a court-martial for drug abuse would have added to the serious doubts in the minds of a reasonable observer about the fairness of the trial, if he had not been peremptorily challenged. See United States v. Weisen, 56 M.J. 172, 176 (C.A.A.F. 2001)("serious doubts about the fairness of the military justice system" raised by denial of challenge). Thus,

7

we conclude that the military judge violated the liberal-grant mandate by denying the challenge for cause.

Because Appellant pleaded guilty and was found guilty by the military judge, the error was harmless with respect to the findings. However, we hold that the peremptory challenge of Lt Col Fernandez did not render the error harmless with respect to the sentence. By promulgating R.C.M. 912(f)(4), the President granted Appellant the right to save his single peremptory challenge for use against a member not subject to challenge for cause. Armstrong, 54 M.J. at 55. That right was violated in this case when Appellant was forced to use his peremptory challenge against Lt Col Fernandez.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed with respect to the findings but reversed with respect to the sentence. The sentence is set aside. A sentence rehearing is authorized.

CRAWFORD, Chief Judge (dissenting):

Even if the military judge clearly abused his discretion by denying the challenge for cause against Lt Col Fernandez on the basis of implied bias,[1] that error was rendered harmless when Appellant used his peremptory challenge to remove Lt Col Fernandez from the panel, leaving no one else whom Appellant had challenged for cause. "As this Court has often stated, at its core, implied bias addresses the perception or appearance of fairness of the military justice system." United States v. Downing, 56 M.J. 419, 422 (C.A.A.F. 2002). In this case, a panel of completely unbiased members sentenced Appellant. It does not get any fairer than that.

## 1. Introduction

At the outset, I note my agreement with the following two principles:

1. When an accused unsuccessfully challenges a member for cause, and thereafter uses his or her peremptory challenge to remove that member from the panel, the accused preserves the issue for appeal by stating that but for the denied challenge for cause, the peremptory challenge would have been used against

---

[1] In my view, the military judge did not clearly abuse his discretion by denying the challenge for cause. See United States v. Wiesen, 56 M.J. 172, 177 (C.A.A.F. 2001)(Crawford, C.J., dissenting); United States v. Rome, 47 M.J. 467, 470 (C.A.A.F. 1998)(Crawford, J., dissenting); United States v. Minyard, 46 M.J. 229, 232 (C.A.A.F. 1997)(Crawford, J., dissenting); United States v. Daulton, 45 M.J. 212, 221 (C.A.A.F. 1996)(Crawford, J., dissenting).

a different member of the panel.  United States v. Eby, 44 M.J. 425, 427 (C.A.A.F. 1996); Rule for Courts-Martial 912(f)(4) [hereinafter R.C.M.].

2.  There is a hierarchical scheme of rights and duties in the military justice system, and when an R.C.M. confers a greater right than the Constitution or a statute, an accused is generally entitled to the benefit of that greater right.  United States v. Davis, 47 M.J. 484, 485-86 (C.A.A.F. 1998); United States v. Romano, 46 M.J. 269, 274 (C.A.A.F. 1997).

Having said that, I do not believe that anything in R.C.M. 912(f)(4) precludes a constitutional and statutory harmless error analysis when a military judge erroneously denies an accused's challenge for cause, and thereafter, the accused uses his or her peremptory challenge to remove that member from the panel, even if the accused preserves the issue for appeal in accordance with R.C.M. 912(f)(4).  In other words, R.C.M. 912(f)(4) does not create a per se rule of reversal, and to the extent the majority opinion in United States v. Armstrong, 54 M.J. 51 (C.A.A.F. 2000), is to the contrary, I disagree with its rationale.

Stare decisis requires us to exercise judicial restraint by following precedent.  But that doctrine does not apply when an opinion like Armstrong is poorly reasoned, or when "developments in the law" have not been fully explored.  United States v.

Tualla, 52 M.J. 228, 232-33 (C.A.A.F. 2000)(Crawford, C.J., concurring).  In my view, Armstrong fails to recognize the impact of Supreme Court precedent on this area of the law. Therefore, I cannot follow Armstrong and must dissent.

## 2. Supreme Court Precedent

In Ross v. Oklahoma, 487 U.S. 81 (1988), the Supreme Court considered the Sixth Amendment implications of a state trial judge's erroneous failure to remove a juror for cause, and the petitioner's subsequent use of a peremptory challenge to strike that juror.  The petitioner used all of his peremptory challenges, but did not challenge for cause any of the jurors who actually decided the case.  On those facts, the Supreme Court found no Sixth Amendment violation and reasoned as follows:

> Any claim that the jury was not impartial
> . . . must focus . . . on the jurors who ultimately
> sat.  None of those 12 jurors, however, was challenged
> for cause by petitioner, and he has never suggested
> that any of the 12 was not impartial. . . .
>
> . . .
>
> Petitioner was undoubtedly required to exercise
> a peremptory challenge to cure the trial court's
> error.  But we reject the notion that the loss of a
> peremptory challenge constitutes a violation of the
> constitutional right to an impartial jury. . . . So
> long as the jury that sits is impartial, the fact that
> the defendant had to use a peremptory challenge to
> achieve that result does not mean the Sixth Amendment
> [right to an impartial jury] was violated.

Id. at 86, 88.  In other words, any error was harmless because no one who was partial actually served on the jury.

In United States v. Martinez-Salazar, 528 U.S. 304 (2000), the Court again addressed "the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant's exercise of a peremptory challenge to remove that juror," this time in the federal system.  Id. at 307.  As in Ross, the petitioner used all of his peremptory challenges, and no juror who actually sat was biased.  However, the question in Martinez-Salazar was not whether the Sixth Amendment was violated, but whether the Fifth Amendment Due Process Clause was violated, i.e. - whether Martinez-Salazar was denied any right granted him by Federal Rule of Criminal Procedure 24(b).[2]

Consistent with Ross, the Martinez-Salazar Court found no Fifth Amendment violation and again performed a harmless error analysis, holding that "if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right."  Id. at 307.  In support of this holding, the Court stated:

> [U]nlike the right to an impartial jury guaranteed by
> the Sixth Amendment, peremptory challenges are not of
> federal constitutional dimension. . . .
>
>     . . .

---

[2] Federal Rule of Criminal Procedure 24(b) provides a civilian criminal defendant with 10 peremptory challenges.

4

> After objecting to the District Court's denial of his for-cause challenge, Martinez-Salazar had the option of letting [the juror] sit on the petit jury and, upon conviction, pursuing a Sixth Amendment challenge on appeal. Instead, Martinez-Salazar elected to use a [peremptory] challenge to remove [the juror]. . . . This was Martinez-Salazar's choice. The District Court did not demand – and Rule 24(b) did not require – that Martinez-Salazar use a peremptory challenge curatively.
>
> . . .
>
> Martinez-Salazar received precisely what federal law provided[.]

Id. at 311, 315, 317 (footnote omitted). The Court summed it up concisely: "A hard choice is not the same as no choice." Id. at 315.

### 3. Appellant's Case

Ross and Martinez-Salazar are dispositive in Appellant's case. Appellant challenged only two members for cause -- Col Neiheisel and Lt Col Fernandez. The military judge granted the challenge for cause against Col Neiheisel but denied it as to Lt Col Fernandez. Thereafter, Appellant used his peremptory challenge to remove Lt Col Fernandez, resulting in an impartial panel containing no members whom Appellant challenged for cause. Consequently, any error in denying the challenge for cause against Lt Col Fernandez was harmless in terms of the Sixth Amendment.

5

Moreover, deciding this case on the basis of harmless error does not violate Appellant's Fifth Amendment due process rights because it does not deprive him of anything granted him by the statutes or rules governing peremptory challenges and appellate review of denied causal challenges in the military justice system.

### a. The Statutes and Rules

The relevant statutes are Articles 41(b)(1) and 59(a), Uniform Code of Military Justice, 10 U.S.C. §§ 841(b)(1) and 859(a)(2002).  Article 41(b)(1) provides simply that every accused is entitled to "one peremptory challenge of the members of the court."[3]  It does not require that the challenge be used, and does not suggest the appellate consequences of any given use.  On the other hand, Article 59(a) states that "[a] finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of an accused."

The relevant rules are R.C.M. 912(f)(4) and (g).  Rule 912(g) states merely that an accused "may challenge one member peremptorily," but does not require it.  Rule 912(f)(4) discusses the appellate consequences that result in a variety of

---

[3] An accused is entitled to additional peremptory challenges in circumstances other than those present in Appellant's case.  See Article 41(b)(2) and (c), Uniform Code of Military Justice, 10 U.S.C. § 841(b)(2) and (c)(2002).

situations when a for-cause challenge is denied and the

peremptory challenge is implicated.  Specifically, it states:

> When a challenge for cause has been denied, failure
> by the challenging party to exercise a peremptory
> challenge against any member <u>shall constitute waiver</u>
> of further consideration of the challenge upon further
> review.  However, when a challenge for cause is
> denied, a peremptory challenge by the challenging
> party against any member <u>shall preserve the issue for
> later review</u>, provided that when the member who was
> unsuccessfully challenged for cause is peremptorily
> challenged by the same party, that party must state
> that it would have exercised its peremptory challenge
> against another member of the challenge for cause had
> been granted.

(Emphasis added.)

Significantly, nothing in the language of R.C.M. 912(f)(4)

precludes a harmless error analysis of the denied challenge for

cause.  When the requirements of R.C.M. 912(f)(4) are met, an

accused is guaranteed one thing only: that we will not apply

waiver.  The accused is not guaranteed that once through the

courthouse door with his issue thus preserved, normal

constitutional and statutory harmlessness analysis will not

apply.  Thus, I disagree with the majority's rationale in

<u>Armstrong</u>, 54 M.J. at 54-55.

### b. <u>The Result</u>

Appellant had two options when the military judge denied

his challenge for cause against Lt Col Fernandez:  use his

peremptory challenge against Lt Col Fernandez, or use it against

7

another member.[4]  Nothing in the applicable statutes or rules
required him to use it against Lt Col Fernandez, either to cure
the military judge's ruling or to preserve it.  As a result,
when Appellant did use his peremptory challenge against Lt Col
Fernandez, he "did not lose a peremptory challenge.  Rather, he
used the challenge in line with a principal reason for
peremptories: to help secure the constitutional guarantee of
trial by an impartial jury."  Martinez-Salazar, 528 U.S. at 315-
16.

Having made that hard yet discretionary choice, and having
thereby secured a panel comprised of no one whom Appellant then
or now asserted was in any way biased, any error in the military
judge's denial of the challenge for cause against Lt Col
Fernandez was harmless beyond a reasonable doubt.  Art. 59(a);
United States v. Alameda, 57 M.J. 190, 199-200 (C.A.A.F.
2002)(harmless beyond a reasonable doubt standard for
constitutional error).

That conclusion is especially appropriate here, because
Appellant never identified the specific, unbiased member he
intended to remove with his peremptory challenge.  Therefore, he
cannot even show the challenge against that member would have

---

[4] The third option of not using it at all would have resulted in Appellant waiving the causal challenge issue absent plain error.  Rule for Courts-Martial 912(f)(4); See United States v. Tyndale, 56 M.J. 209, 217 (C.A.A.F. 2001).

been successful.  See United States v. Hurn, 55 M.J. 446, 448 (C.A.A.F. 2001)("upon timely objection to a peremptory challenge, . . . the burden shifts to the challenging party" to prove the challenge is lawful); United States v. Witham, 47 M.J. 297 (C.A.A.F. 1997)(gender is unlawful basis for peremptory challenge); United States v. Santiago-Davila, 26 M.J. 380 (C.M.A. 1988)(race is unlawful basis for peremptory challenge).

For these reasons, I would affirm the decision of the court below.