CRAWFORD, Chief Judge
(dissenting):
Even if the military judge clearly abused his discretion by denying the challenge for cause against Lt Col Fernandez on the basis of implied bias,[1] that error was rendered *196 harmless when Appellant used his peremptory challenge to remove Lt Col Fernandez from the panel, leaving no one else whom Appellant had challenged for cause. “As this Court has often stated, at its core, implied bias addresses the perception or appearance of fairness of the military justice system.” United States v. Downing, 56 M.J. 419, 422 (C.A.A.F.2002). In this case, a panel of completely unbiased members sentenced Appellant. It does not get any fairer than that.
1. Introduction
At the outset, I note my agreement with the following two principles:
1. When an accused unsuccessfully challenges a member for cause, and thereafter uses his or her peremptory challenge to remove that member from the panel, the accused preserves the issue for appeal by stating that but for the denied challenge for cause, the peremptory challenge would have been used against a different member of the panel. United States v. Eby, 44 M.J. 425, 427 (C.A.A.F.1996); Rule for Courts-Martial 912(f)(4) [hereinafter R.C.M.].
2. There is a hierarchical scheme of rights and duties in the military justice system, and when an R.C.M. confers a greater right than the Constitution or a statute, an accused is generally entitled to the benefit of that greater right. United States v. Davis, 47 M.J. 484, 485-86 (C.A.A.F.1998); United States v. Romano, 46 M.J. 269, 274 (C.A.A.F. 1997).
Having said that, I do not believe that anything in R.C.M. 912(f)(4) precludes a constitutional and statutory harmless error analysis when a military judge erroneously denies an accused’s challenge for cause, and thereafter, the accused uses his or her peremptory challenge to remove that member from the panel, even if the accused preserves the issue for appeal in accordance with R.C.M. 912(f)(4). In other words, R.C.M. 912(f)(4) does not create a per se rule of reversal, and to the extent the majority opinion in United States v. Armstrong, 54 M.J. 51 (C.A.A.F.2000), is to the contrary, I disagree with its rationale.
Stare decisis requires us to exercise judicial restraint by following precedent.- But that doctrine does not apply when an opinion like Armstrong is poorly reasoned, or when “developments in the law” have not been fully explored. United States v. Tualla, 52 M.J. 228, 282-33 (C.A.A.F.2000)(Crawford, C.J., concurring). In my view, Armstrong fails to recognize the impact of Supreme Court precedent on this area of the law. Therefore, I cannot follow Armstrong and must dissent.
2. Supreme Court Precedent
In Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the Supreme Court considered the Sixth Amendment implications of a state trial judge’s erroneous failure to remove a juror for cause, and the petitioner’s subsequent use of a peremptory challenge to strike that juror. The petitioner used all of his peremptory challenges, but did not challenge for cause any of the jurors who actually decided the case. On those facts, the Supreme Court found no Sixth Amendment violation and reasoned as follows:
Any claim that the jury was not impartial ... must focus ... on the jurors who ultimately sat. None of those 12 jurors, however, was challenged for cause by petitioner, and he has never suggested that any of the 12 was not impartial....
Petitioner was undoubtedly required to exercise a peremptory challenge to cure the trial court’s error. But we reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury____ So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment [right to an impartial jury] was violated.
Id. at 86, 88,108 S.Ct. 2273. In other words, any error was harmless because no one who was partial actually served on the jury.
*197 In United States v. Martinez-Salazar, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), the Court again addressed “the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant’s exercise of a peremptory challenge to remove that juror,” this time in the federal system. Id. at 307, 120 S.Ct. 774. As in Ross, the petitioner used all of his peremptory challenges, and no juror who actually sat was biased. However, the question in Martinez-Salazar was not whether the Sixth Amendment was violated, but whether the Fifth Amendment Due Process Clause was violated, i.e. — whether Martinez-Salazar was denied any right granted him by Federal Rule of Criminal Procedure 24(b).[2]
Consistent with Ross, the Martinez-Salazar Court found no Fifth Amendment violation and again performed a harmless error analysis, holding that “if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right.” Id. at 307, 120 S.Ct. 774. In support of this holding, the Court stated:
[U]nlike the right to an impartial jury guaranteed by the Sixth Amendment, peremptory challenges are not of federal constitutional dimension____
After objecting to the District Court’s denial of his for-eause challenge, Martinez-Salazar had the option of letting [the juror] sit on the petit jury and, upon conviction, pursuing a Sixth Amendment challenge on appeal. Instead, Martinez-Salazar elected to use a [peremptory] challenge to remove [the juror]____ This was Martinez-Salazar’s choice. The District Court did not demand — and Rule 24(b) did not require— that Martinez-Salazar use a peremptory challenge curatively. Martinez-Salazar received precisely what federal law providedf.]
Id. at 311, 315, 317, 120 S.Ct. 774 (footnote omitted). The Court summed it up concisely: “A hard choice is not the same as no choice.” Id. at 315,120 S.Ct. 774.
8. Appellant’s Case
Ross and Martinez-Salazar are dispositive in Appellant’s case. Appellant challenged only two members for cause — Col Neiheisel and Lt Col Fernandez. The military judge granted the challenge for cause against Col Neiheisel but denied it as to Lt Col Fernandez. Thereafter, Appellant used his peremptory challenge to remove Lt Col Fernandez, resulting in an impartial panel containing no members whom Appellant challenged for cause. Consequently, any error in denying the challenge for cause against Lt Col Fernandez was harmless in terms of the Sixth Amendment.
Moreover, deciding this case on the basis of harmless error does not violate Appellant’s Fifth Amendment due process rights because it does not deprive him of anything granted him by the statutes or rules governing peremptory challenges and appellate review of denied causal challenges in the military justice system.
a. The Statutes and Rules
The relevant statutes are Articles 41(b)(1) and 59(a), Uniform Code of Military Justice, 10 U.S.C. §§ 841(b)(1) and 859(a)(2002). Article 41(b)(1) provides simply that every accused is entitled to “one peremptory challenge of the members of the court.”[3] It does not require that the challenge be used, and does not suggest the appellate consequences of any given use. On the other hand, Article 59(a) states that “[a] finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of an accused.”
*198 The relevant rules are R.C.M. 912(f)(4) and (g). Rule 912(g) states merely that an accused “may challenge one member peremptorily,” but does not require it. Rule 912(f)(4) discusses the appellate consequences that result in a variety of situations when a for-cause challenge is denied and the peremptory challenge is implicated. Specifically, it states:
When a challenge for cause has been denied, failure by the challenging party to exercise a peremptory challenge against any member shall constitute waiver of further consideration of the challenge upon further review. However, when a challenge for cause is denied, a peremptory challenge by the challenging party against any member shall preserve the issue for later review, provided that when the member who was unsuccessfully challenged for cause is peremptorily challenged by the same party, that party must state that it would have exercised its peremptory challenge against another member of the challenge for cause had been granted.
(Emphasis added.)
Significantly, nothing in the language of R.C.M. 912(f)(4) precludes a harmless error analysis of the denied challenge for cause. When the requirements of R.C.M. 912(f)(4) are met, an accused is guaranteed one thing only: that we will not apply waiver. The accused is not guaranteed that once through the courthouse door with his issue thus preserved, normal constitutional and statutory harmlessness analysis will not apply. Thus, I disagree with the majority’s rationale in Armstrong, 54 M.J. at 54-55.
b. The Result
Appellant had two options when the military judge denied his challenge for cause against Lt Col Fernandez: use his peremptory challenge against Lt Col Fernandez, or use it against another member.[4] Nothing in the applicable statutes or rules required him to use it against Lt Col Fernandez, either to cure the military judge’s ruling or to preserve it. As a result, when Appellant did use his peremptory-challenge against Lt Col Fernandez, he “did not lose a peremptory challenge. Rather, he used the challenge in line with a principal reason for peremptories: to help secure the constitutional' guarantee of trial by an impartial jury.” Martinez-Salazar, 528 U.S. at 315-16, 120 S.Ct. 774.
Having made that hard yet discretionary choice, and having thereby secured a panel comprised of no one whom Appellant then or now asserted was in any way biased, any error in the military judge’s denial of the challenge for cause against Lt Col Fernandez was harmless beyond a reasonable doubt. Art. 59(a); United States v. Alameda, 57 M.J. 190, 199-200 (C.A.A.F.2002)(harmless beyond a reasonable doubt standard for constitutional error).
That conclusion is especially appropriate here, because Appellant never identified the specific, unbiased member he intended to remove with his peremptory challenge. Therefore, he cannot even show the challenge against that member would have been successful. See United States v. Hum, 55 M.J. 446, 448 (C.A.A.F.2001)(“upon timely objection to a peremptory challenge, ... the burden shifts to the challenging party” to prove the challenge is lawful); United States v. Witham, 47 M.J. 297 (C.A.A.F.1997)(gender is unlawful basis for peremptory challenge); United States v. Santiago-Davila, 26 M.J. 380 (C.M.A.1988)(race is unlawful basis for peremptory challenge).
For these reasons, I would affirm the decision of the court below.

. In my view, the military judge did not clearly abuse his discretion by denying the challenge for cause. See United States v. Wiesen, 56 M.J. 172, 177 (C.A.A.F.2001)(Crawford, C.J., dissenting); *196 United States v. Rome, 47 M.J. 467, 470 (C.A.A.F.1998)(Crawford, J., dissenting); United States v. Minyard, 46 M.J. 229, 232 (C.A.A.F.1997)(Crawford, J., dissenting); United States v. Daulton, 45 M.J. 212, 221 (C.A.A.F.1996)(Crawford, J., dissenting).

. Federal Rule of Criminal Procedure 24(b) provides a civilian criminal defendant with 10 peremptory challenges.

. An accused is entitled to additional peremptory challenges in circumstances other than those present in Appellant’s case. See Article 41(b)(2) and (c), Uniform Code of Military Justice, 10 U.S.C. § 841(b)(2) and (c)(2002).

. The third option of not using it at all would have resulted in Appellant waiving the causal challenge issue absent plain error. Rule for Courts-Martial 912(f)(4); See United States v. Tyndale, 56 M.J. 209, 217 (C.A.A.F.2001).