RYAN, Judge
(dissenting):
I agree with Judge Stueky that the military judge recognized and applied the correct law and engaged in voir dire to explore the relationship between trial counsel and the challenged member. Under our precedent he, therefore, did not abuse his discretion. United States v. Clay, 64 M.J. 274, 277 (C.A.A.F.2007); United States v. Napoleon, 46 M.J. 279, 283 (C.A.A.F.1997). Although one might, as the majority does, conclude that another course of action would have been more appropriate, de novo review has never before been the standard of review where the military judge clearly recognized the correct law and made no erroneous factual determination. See, e.g., United States v. Armstrong, 54 M.J. 51, 54 (C.A.A.F.2000). It is unclear to me what level of excruciating *38 detail the majority now requires of the trial judiciary when denying a member challenge. They do not have the luxury of time afforded appellate courts.
While a bright-line rule excluding members on the basis of implied bias where the trial counsel has advised the member might, as an empirical matter, be viewed as only fair by an objective member of the public, we rejected such a rule long ago. United States v. Rome, 47 M.J. 467, 469 (C.A.A.F.1998) (holding a member’s “professional relationship with the trial counsel was not per se disqualifying”); United States v. Hamilton, 41 M.J. 22, 25 (C.M.A.1994) (finding no “per se ground for challenge” where three members had received legal assistance from the assistant trial counsel); see also United States v. Castillo, 74 M.J. 39, 43-44, 2015 WL 591751 (C.A.A.F.2015) (Ryan, J., concurring in the result).
I respectfully dissent.