STUCKY, Judge
(concurring in the result):
I concur in the result — the military judge erred in not granting the defense challenge for cause against Captain Villalobos. I disagree with the majority’s conclusion that this is a ease of implied bias.
Federal courts generally recognize two forms of bias that make a juror subject to a challenge for cause: “actual or implied; that is, it may be bias in fact or bias conclusively presumed as matter of law.” United States v. Wood, 299 U.S. 123, 133, 57 S.Ct. 177, 81 L.Ed. 78 (1936). Actual bias and implied bias are legal terms of art. Contrary to much of this Court’s jurisprudence, see, e.g., United States v. Armstrong, 54 M.J. 51, 53 (C.A.A.F.2000), actual bias and implied bias are separate grounds for challenge, not just separate tests.
Actual bias is defined as “bias in fact.” Wood, 299 U.S. at 133, 57 S.Ct. 177. It is “the existence of a state of mind that leads to an inference that the person will not act with entire impartiality.” Fields v. Brown, 503 F.3d 755, 767 (9th Cir.2007) (quotation marks and citation omitted); see Black’s Law Dictionary 192 (10th ed. 2014) (“Genuine prejudice that a ... juror ... has against some person or relevant subject.”).
Implied bias, on the other hand, is “bias conclusively presumed as [a] matter of law.” Wood, 299 U.S. at 133, 57 S.Ct. 177. It is “bias attributable in law to the prospective juror regardless of actual partiality.” Id. at 134, 57 S.Ct. 177 (emphasis added); see Black’s Law Dictionary, supra, at 192 (“Bias, as of a juror, that the law conclusively’ presumes because of kinship of some other incurably close relationship; prejudice that is inferred from the experiences or relationships of a ... juror....”). For example, the law conclusively presumes that the person who forwarded the charges with a personal recommendation as to their disposition is biased, without determining whether she is actually biased. See Rule for Courts-Martial (R.C.M.) 912(f)(l)(I). Implied bias is not the majority’s ambiguous concept of the public’s perception of the fairness of the military justice system. See United States v. Woods, 74 M.J. 238, 243 (C.A.A.F.2015) (citing United States v. Peters, 74 M.J. 31, 34 (C.A.A.F.2015)). If there is evidence from which an inference can be drawn that the member will not be impartial, as is the case here, or may be unlawfully influenced, that is actual bias.
The President has delineated fourteen grounds for challenging court members for cause.
A member shall be excused for cause whenever it appears that the member:
(A) Is not competent to serve as a member under Article 25(a), (b), or (e);
(B) Has not been properly detailed as a member of the court-martial;
(C) Is an accuser as to any offense charged;
(D) Will be a witness in the court-martial;
(E) Has acted as counsel for any party as to any offense charged;
(F) Has been an investigating officer as to any offense charged;
*246 (G) Has acted in the same case as convening authority or as the legal officer or staff judge advocate to the convening authority;
(H) Will act in the same case as reviewing authority or as the legal officer or staff judge advocate to the reviewing authority;
(I). Has forwarded charges in the case with a personal recommendation as to disposition;
(J) Upon a rehearing or new or other trial of the ease, was a member of the court-martial which heard the case before;
(K) Is junior to the accused in grade or rank, unless it is established that this could not be avoided;
(L) Is in arrest or confinement;
(M) Has formed or expressed a definite opinion as to the guilt or innocence of the accused as to any offense charged;
(N) Should not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.
R.C.M. 912(f)(1).
The grounds listed in (A)-(B) are statutory grounds for disqualification. Those listed in (C)-(L) are grounds for an implied bias challenge: there is no evidence that such court members would be biased, but we conclusively presume they are because of their status or. participation in the justice process. The grounds listed in (M) and (N) are, in essence, the definition of actual bias — there is evidence that such members are not impartial or from which the military judge may infer they would not be.
Although Appellant argues both actual and implied bias, his argument sounds' in actual bias. He is asserting that Captain Villalo-bos’s misunderstanding of the presumption of innocence and the burdens of proof and persuasion would compromise her ability to decide his case impartially. This is the very definition of actual bias. This is not a case of implied bias.
Whether a prospective juror “is biased has traditionally been determined through voir dire culminating in a finding by the trial judge concerning the [prospective juror’s] state of mind.” Wainwright v. Witt, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). “[S]ueh a finding is based upon determinations of demeanor and credibility that are peculiarly within a trial judge’s province.” Id. It is “plainly [a question] of historical fact; did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror’s protestation of impartiality have been believed.” Patton v. Yount, 467 U.S. 1025, 1036, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984).
An appellate court reviews a trial court’s findings of fact for “clear error.”[1] Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001); see United States v. Olsen, 704 F.3d 1172, 1190 (9th Cir.2013) (ultimate determination of actual bias is reviewed for clear error), cert. denied, — U.S. -, 134 S.Ct. 2711, 189 L.Ed.2d 743 (2014); United States v. Powell, 226 F.3d 1181, 1188 (10th Cir.2000). Reviewing courts “will not reverse a lower court’s finding of fact simply because we would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed.” Cromartie, 532 U.S. at 242, 121 S.Ct. 1452 (quotation marks and internal citations omitted).
After reviewing the entire voir dire of Captain Villalobos, I am left with the firm conviction that the military judge erred in believing Captain Villalobos’s protestations of impartiality. I, therefore, concur in the result.

. In Yount, a habeas proceeding, the Supreme Court seems to have applied a "manifest error” test in reviewing the impartiality of the jury as a whole. 467 U.S. at 1031, 104 S.Ct. 2885.