UNITED STATES, Appellee

v.

Gregory A. DALE, Staff Sergeant
U.S. Air Force, Appellant.

No. 94–0325.
CMR No. 29794.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 15, 1995.

Decided Sept. 14, 1995.

For Appellant: *Captain Richard D. Desmond* (argued); *Colonel Jay L. Cohen* (on brief); *Lieutenant Colonel Joseph L. Heimann.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* and *Colonel Thomas E. Schlegel* (on brief).

*Opinion of the Court*

COX, Judge:

1. Consistent with appellant's pleas, a general court martial convicted him of rape, sodomy, and committing indecent acts on a child (2 specifications), in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. The court-martial sentenced appellant to a dishonorable discharge, 20 years' confinement, total forfeitures, and reduction to airman basic. Acting pursuant to a pretrial agreement, the convening authority reduced the forfeitures to $392.00 pay per month for 240 months, but otherwise approved the sentence. The Court of Military Review [1] affirmed the findings and the approved sentence. 39 MJ 503 (1993).

2. We granted appellant's petition for review to determine whether the judge erred when she denied the challenges for cause lodged against two members. 40 MJ 51 (1994). Finding error prejudicial to appellant's substantial rights in the denial of one of those challenges, Art. 59(a), UCMJ, 10 USC § 859(a), we reverse.

3. During general *voir dire*, the president of the court, Colonel Rensler, stated that he was aware of a case of child sexual abuse in the civilian system where an Air Force officer was not sentenced to confinement. He also stated that he believed that this sentence was "excessively lenient." However, when questioned further by the military judge, Colonel Rensler stated that, although he believed the civilian system's sentence to probation should have been harsher, he did not feel predisposed to any punishment in this case. Moreover he was not "locked into"

any particular sentence and did not believe that confinement would have to be imposed in appellant's case. In fact this discussion showed that Colonel Rensler's concern had been as much with the delay in disposing of the case by the civilian justice system, as it was with the result.

4. The other challenged member was Captain Blankinship, the deputy chief of security police at Altus Air Force Base, Oklahoma, the site of the trial. Captain Blankinship told the military judge that his entire career had been spent in the security police field. As the deputy chief of police, he supervised security police investigations and has sat in on the "cops and robbers" briefings for the base commander in the absence of the squadron commander.[2] However, he was not privy to any of the details of the investigation into appellant's case and, after learning that he had been detailed to this court-martial, had excused himself from a meeting where the case would be discussed.[3]

5. We agree with the court below that the military judge did not abuse her discretion in not sustaining the challenge to Colonel Rensler. Mere distaste for a given offense or an opinion about a particular punishment does not, by itself, disqualify a member from service on a court-martial. *United States v. Bannwarth*, 36 MJ 265 (CMA 1993); *see also United States v. Reynolds*, 23 MJ 292 (CMA 1987). Excusal is required only where the member "has an inelastic opinion concerning an appropriate sentence for the offense charged." RCM 912(f)(1), Discussion, Manual for Courts–Martial, United States, 1984.

---

1. *See* 41 MJ 213, 229 n. * (1994).

2. In his dissent from the decision below, Judge Pearson stated:
   While the litigants did not fully develop the nature of these "cops and robbers" meetings at trial, Air Force military lawyers know from common experience that legal and investigative personnel use such meetings (they are known by all sorts of colorful monikers, "cops and robbers" being one) to brief the installation commander on the status of pending criminal cases. Their briefing normally includes discussion on whether cases warrant prosecu-

tion, anticipated problems, and any unusual aspects. More importantly, those in attendance at such meetings usually get a unique opportunity to see how the installation commander views various offenders and offenses.
39 MJ 503, 507 (1993).

3. Trial defense counsel preserved this issue for appeal by exercising her peremptory challenge against a third member of the court-martial. *See* RCM 912(f)(4), Manual for Courts–Martial, United States, 1984; *United States v. Jobson*, 31 MJ 117 (CMA 1990).

■ 6. Contrary to appellant's argument, Colonel Rensler did not exhibit that degree of inflexibility as to sentence which would require excusing him as a member. Colonel Rensler specifically told the military judge that he was not bound to impose confinement or any other punishment without hearing the evidence. While he stated his reservations about the disposition of an unrelated case (with no showing as to its facts), in a separate system, he assured the military judge that he would follow the law and keep his mind open as to an appropriate sentence for appellant. We have no reason to doubt his sincerity, so nothing more was required. *Cf. United States v. Tippit,* 9 MJ 106 (CMA 1980).

■ 7. However, as to Captain Blankinship we conclude that the military judge erred in not granting defense counsel's challenge. During discussion of the challenge, the military judge noted that Captain Blankinship's status as a security police officer did not disqualify him *per se* and that his answers to the questions concerning his knowledge of the case appeared to be sincere. We agree with her that peace officers are not disqualified from service as members of courts-martial as a matter of law. *See United States v. Berry,* 34 MJ 83, 88 (CMA 1992) (Cox, J. concurring). Therefore, Captain Blankinship's status alone did not warrant granting the challenge for cause.[4]

■ 8. Notwithstanding the seeming sincerity of Captain Blankinship's responses on *voir dire,* we have urged a "liberal" view on granting challenges for cause. *See* 36 MJ at 267. RCM 912(f)(1)(N) provides that a court member "should not sit" where his service would raise "substantial doubt" on the "legality, fairness, and impartiality" of the proceedings. The focus of this rule is on the perception or appearance of fairness of the military justice system.

■ 9. Captain Blankinship was intimately involved in the law enforcement function at the base. He regularly briefed the

base commander in those areas and supervised non-OSI (Office of Special Investigations) investigations. As Judge Pearson observed in his dissent below:

> For all intents and purposes, Captain Blankinship was the embodiment of law enforcement and crime prevention at Altus Air Force Base—appointing him to serve as an impartial member was asking too much of both him and the system.

39 MJ at 508.

10. Under these facts, we conclude that the military judge abused her discretion in not excusing CAPT Blankinship from participating in this trial. Consequently, appellant is entitled to a new sentencing proceeding.

The decision of the United States Air Force Court of Military Review as to sentence is reversed. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing as to sentence may be ordered.

Judges GIERKE and WISS concur.

SULLIVAN, Chief Judge (concurring).

11. I agree with Judge Cox's resolution of this issue. Our prior case law supports this. *See United States v. Berry,* 34 MJ 83 (CMA 1992); *United States v. White,* 36 MJ 284, 288–89 (CMA 1993) (Sullivan, C.J., concurring), *cert. denied,* —— U.S. ——, 114 S.Ct. 918, 127 L.Ed.2d 212 (1994).

CRAWFORD, Judge (dissenting):

12. I respectfully dissent from the majority opinion which I believe, despite its assertion to the contrary, may be read as establishing a *per se* rule against present law enforcement personnel serving as court members on the same installation where they perform law enforcement duties without regard for whether those duties have any connection with an accused's case. Promulgation of such a rule is the province of only the Executive or Legislative Branch. I would hold that the judge did not abuse her

---

4. In other situations a security police officer could be sufficiently insulated from day-to-day law enforcement duties that he need not be removed from a court-martial. For instance an officer assigned to security duties at missile silos would not be so intimately involved with crime prevention as to be subject to challenge because of that billet.

discretion in refusing to grant a defense challenge for cause against Captain Blankinship.

## FACTS

13. Pursuant to his pleas, appellant was convicted of numerous instances of rape, sodomy, and committing indecent acts with his minor step-daughter over a 2½ year period, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively.

14. Captain Blankinship spent his career as a security police officer. On voir dire he testified, "Justice is important; and, confinement is a means to an end—justice is the end." But Captain Blankinship asserted that "punishment must fit the crime and that fairness is the key issue in the criminal justice system." He also testified that he "could function just like any other member of the court." While Captain Blankinship attended base "cops and robbers" meetings in the absence of his squadron commander, he did not have any input into the investigation of this case. As with most felony investigations, he thought the case was exclusively handled by the Office of Special Investigations.

## DISCUSSION

15. As this Court stated in *United States v. White*, 36 MJ 284, 287 (1993), *cert. denied*, — U.S. —, 114 S.Ct. 918, 127 L.Ed.2d 212 (1994): "A trial court's standard is to grant challenges for cause liberally.... [W]e will not overturn the military judge's determination not to grant a challenge except for a clear abuse of discretion in applying the liberal-grant mandate." No such "clear abuse" is present here. In fact the majority is simply second-guessing this judge.

16. RCM 912(f)(1), Manual for Courts-Martial, United States, 1984, sets forth the grounds for challenge. There is no particular ground for challenge for an individual who is involved in law enforcement. Howev-er, RCM 912(f)(1)(N) provides for a challenge when there is a "substantial doubt as to legality, fairness, and impartiality."

17. In *United States v. Berry*, 34 MJ 83, 88 (CMA 1992), Judge Cox concurred, noting that there is no *per se* rule against past or present law enforcement personnel serving as members. Berry was charged with larceny and wrongful distribution of drugs.* The disqualified member was a former Naval Investigative Service (NIS) undercover agent who had worked with a critical government witness in the case. Even in *Berry* the Court noted that (1) being a former NIS undercover agent, (2) being an investigator at the same command as Berry, or (3) knowing and occasionally working with a critical witness would not, standing alone, be a basis for disqualification. 34 MJ at 87. However, all three factors together did raise a substantial question of bias, using an abuse-of-discretion standard that has since been clarified by *White*.

18. In this case Captain Blankinship's official duties were not related to appellant's case. In fact, he had obtained no information about the case as a result of his security police duties. Furthermore, unlike the investigator in *Berry*, there is no evidence that Captain Blankinship had a close professional relationship with any of the potential prosecution witnesses. Additionally, Captain Blankinship assured the judge that he would not attempt to impart any particular special knowledge or expertise to the other court members. When Captain Blankinship was notified of court duty, he showed a commendable concern for maintaining impartiality by excusing himself from the later "cops and robbers" meeting.

19. Blankinship was in the same position as the court members in *United States v. Reynolds*, 40 MJ 198 (CMA 1994), involving a question of command influence from a pretrial meeting with a commander. We held

---

* Our records show that he was acquitted of drug distribution.

that "members are presumed" to follow the instructions of the judge which told them "not to consider anything other than matters 'admitted into evidence.'" *Id.* at 202.

20. Thus, I cannot conclude that there was the "clear abuse of discretion in applying the liberal-grant mandate" (¶ 15) which *White* demands for a finding of error.