**UNITED STATES, Appellee**

v.

**Robert L. FULTON II, Airman
U.S. Air Force, Appellant.**

No. 95–0401.
Crim.App. No. 31181.

U.S. Court of Appeals for
the Armed Forces.

Submitted June 28, 1995.

Decided May 29, 1996.

For Appellant: *Colonel Jay L. Cohen* and *Captain Mark J. Simms.*

1. The granted issue was:
   WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING THE CHALLENGE FOR CAUSE AGAINST COURT MEM-

For Appellee: *Colonel Jeffery T. Infelise.*

*Opinion of the Court*

COX, Chief Judge:

At a general court-martial held at Hickam Air Force Base, Hawaii, appellant was convicted, pursuant to his pleas, of attempted larceny, and of larceny (3 specifications), in violation of Articles 80 and 121, Uniform Code of Military Justice, 10 USC §§ 880 and 921, respectively. The court members sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $300.00 pay per month for 24 months, and reduction in grade to E–1. The convening authority approved the sentence except for confinement and forfeitures in excess of a period of 18 months each. In addition he suspended execution of the forfeitures for a period of 12 months from the date of his action. The Court of Criminal Appeals affirmed the findings and the approved sentence without opinion.

We granted appellant's petition for review to determine whether the military judge erred in denying appellant's challenge for cause against a member of this court-martial.[1]

During general voir dire, the challenged member, Major Respress, stated that about 20 years prior to this trial, he had been the victim of a burglary and stereo equipment had been stolen. He told the military judge that he would be able to set that incident aside and decide this case solely on the facts before him.

Individual voir dire revealed that Major Respress was the Chief of Security Police Operations for Pacific Air Forces (PACAF). He possessed both a Bachelor's and a Master's degree in criminal justice, and he had been a security policeman at one time. In his present billet, he was responsible for

BER ... [MAJOR R], SECURITY POLICE CHIEF OF OPERATIONS FOR PACAF (PACIFIC AIR FORCES)

security, law enforcement, and air base defense for the entire command. He did have some contact with appellant's commander on serious matters which required high-level decisions. However, appellant's crimes did not rise to that level, so Major Respress had no prior knowledge of the accusations.

Appellant challenged Major Respress for cause, arguing that due to his background and training as a security policeman, his present billet, and the fact that he had been the victim of a similar crime, he would be more likely to impose "a harsher sentence." When the challenge was denied, appellant used his peremptory challenge to remove Major Respress from the court-martial. In so doing he informed the military judge that he would have used the peremptory challenge against a second member.[2]

We conclude that the military judge did not abuse his discretion by denying the challenge for cause. *See United States v. White,* 36 MJ 284 (CMA 1993), *cert. denied,* 510 U.S. 1090, 114 S.Ct. 918, 127 L.Ed.2d 212 (1994). Neither the fact that Major Respress had been the victim of a crime, nor his status as a law enforcement officer required that the military judge disqualify him as a member merely because of his status.

Major Respress' status as a victim of a crime was attenuated by the passage of time. Moreover, appellant's crimes did not result from burglary but, instead, involved use of a stolen credit card and other means to obtain goods through fraud. Thus, Major Respress' assertion that he would be unaffected by the prior theft could be reasonably accepted by the military judge. *See United States v. Reichardt,* 28 MJ 113 (CMA 1989).

The fact that Major Respress was involved in security police work did not disqualify him from court-martial duty per se. *See United States v. Berry,* 34 MJ 83, 88 (CMA 1992) (Cox, J., concurring). His involvement with

the local security police squadron was minimal, and appellant's crimes or similar matters would not have been a subject of his interaction with the commander. When contrasted with the member in question in *United States v. Dale,* 42 MJ 384 (1995), Major Respress' service as a member did not "raise 'substantial doubt'. on the 'legality, fairness and impartiality' of the proceedings." *Id.* at 386.[3] Therefore, we hold that the military judge did not abuse his discretion in denying the challenge.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges CRAWFORD and GIERKE concur.

Senior Judges EVERETT and DARDEN did not participate.

SULLIVAN, Judge (dissenting):

I cannot meaningfully distinguish this case from *United States v. Dale,* 42 MJ 384 (1995). There Judge Cox, writing for the majority, said the following:

8. Notwithstanding the seeming sincerity of Captain Blankinship's responses on *voir dire,* we have urged a "liberal" view on granting challenges for cause. *See* [U.S. v. Bannwarth] 36 MJ [265] at 267 [(CMA 1993)]. RCM 921(f)(1)(N) provides that a court member "should not sit" where his service would raise "substantial doubt" on the "legality, fairness, and impartiality" of the proceedings. The focus of this rule is on the perception or appearance of fairness of the military justice system.

9. Captain Blankinship was intimately involved in the law enforcement function at the base. He regularly briefed the base commander in those areas and supervised non-OSI (Office of Special Investigations)

---

2. Thus, appellant preserved review of his challenge for cause. RCM 912(f)(4), Manual for Courts–Martial, United States (1995 ed.); *see United States v. Jobson,* 31 MJ 117 (CMA 1990).

3. Appellant's remedy was to challenge the member peremptorily. RCM 912(f)(1)(N). He availed himself thereof. We should not lose sight

of the fact that members are also sensitive human beings and that a challenge for cause, no matter how well-intended, implies that the member will not fairly carry out his or her responsibilities. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny.

investigations. As Judge Pearson observed in his dissent below:

> For all intents and purposes, Captain Blankinship was the embodiment of law enforcement and crime prevention at Altus Air Force Base—appointing him to serve as an impartial member was asking too much of both him and the system.

[U.S. v. Dale] 39 MJ [503] at 508 [(AFCMR 1993)].

10. Under these facts, we conclude that the military judge abused her discretion in not excusing CAPT Blankinship from participating in this trial. Consequently, appellant is entitled to a new sentencing proceeding.

42 MJ at 386. In my view Major Respress stands in the same, if not larger, shoes as Captain Blankinship. *See United States v. Swagger*, 16 MJ 759 (ACMR 1983) (installation provost marshal).

In *Dale*, we held that a challenge of a juror who was described as "the embodiment of law enforcement....at Altus Air Force Base," 39 MJ at 508 (CMR opinion), should have been sustained. Now the majority holds in this case that the challenge of a juror who was described in his own words as being "in charge of Security, Law Enforcement and Air Base Defense for PACAF," was properly denied. *See* 44 MJ at 101. These cases are directly at odds. I will follow our Court's precedent of *United States v. Dale, supra*; accordingly, I dissent. *See also United States v. Berry*, 34 MJ 83, 87–88 (CMA 1992).