Judge GIERKE
delivered the opinion of the Court.
A general court-martial convicted Appellant, pursuant to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2002). The adjudged and approved sentence, imposed by a panel of officer and enlisted members, provides for a bad-conduct discharge, confinement for three months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Miles, ACM 34094, 2001 WL 506482 (A.F.Ct.Crim.App. Apr. 24, 2001).
This Court granted review of the following issue:
WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING DEFENSE COUNSEL’S CHALLENGE FOR CAUSE AGAINST [LIEUTENANT COLONEL] FERNANDEZ.
For the reasons set out below, we reverse.

Factual Background

During the military judge’s inquiry into Appellant’s guilty pleas, Appellant told the military judge that sometime between September 28 and October 12, 1999, he went boating with friends, met a young woman, and later accompanied the woman to a party. At the party, Appellant drank two or three beers in addition to the alcoholic beverages he had consumed during the day. Someone at the party offered Appellant a tray containing a white powdery substance, and Appellant snorted it. He felt no effect from the substance, but a urinalysis after the party tested positive for cocaine.
During general voir dire, defense counsel asked the members, “Has anyone known someone, had a family member or friend, a co-worker who’s ever been a victim of a crime where alcohol or drugs were involved?” Lieutenant Colonel (Lt Col) Michael Fernandez responded that his nephew was born with a form of epilepsy as a result of his mother’s cocaine use during pregnancy, and that as a result his nephew died when he was 10 years old. Lt Col Fernandez said that the charges in this ease triggered memories of his nephew’s illness and death, because the charges reminded him of a newspaper article about the effects of drug abuse that he had written for the base newspaper. Defense counsel asked, “Sir, is there anything about that that would weigh on your conscience in going over the facts and circumstances of this case?” Lt Col Fernandez responded in the negative.
During individual voir dire, Lt Col Fernandez explained that every week a different commander is tasked to write an article for the base newspaper. Lt Col Fernandez described his article as a “self experience.” Asked to describe the article in more detail, he explained:
Well, basically, it talked about the impact of using cocaine, how it affects folk’s [sic] lives, and sometimes we think it just affects the person who used the cocaine, when, in fact, it [sic] I was trying to point out that it affects other folks as well. Case in point being my nephew, where he had no involvement with cocaine, but then his mother using it during her pregnancy *194 and then him being born and the effect it had on him.
Lt Col Fernandez said that, in addition to discussing the impact of drugs on his nephew, his article connected drug use to the military. He explained:
I make people look inside and think about is it worth it, using the drugs, how would they feel flying in an aircraft where a pilot was under the influence, or being on an airplane where an air traffic controller, who’s controlling the aircraft, is under the influence, or a doctor who’s performing some type of lifesaving surgery being under the influence of alcohol or drugs.
Lt Col Fernandez stated that the newspaper is circulated “pretty much to the entire base population,” and that the article is “usually on the inside of the front page,” with a picture of the author as well as his name and duty title. The article was scheduled to be published four days after the court-martial convened.
Trial counsel, observing that “[e]vidently it was a very traumatic experience for you and your family,” asked Lt Col Fernandez if he “[w]ould ... be able to set aside the situation” as well as the article itself and decide the case solely on the facts. Lt Col Fernandez responded in the affirmative. Neither the military judge nor counsel for either side asked Lt Col Fernandez to produce the text of the article.
The military judge denied a challenge for cause against Lt Col Fernandez, stating that he did not find actual or implied bias. The defense counsel then exercised a peremptory challenge against Lt Col Fernandez, stating that he would have used the peremptory challenge elsewhere if the challenge for cause had been granted.
The Court of Criminal Appeals held that the military judge did not abuse his discretion by denying the challenge. Based on Lt Col Fernandez’s “honest and forthright” responses during voir dire, the court below agreed with the military judge’s determination that there was no actual bias. With respect to implied bias, however, the court below found it “somewhat harder to pin down.” The court concluded its review of implied bias by stating: “Out of an abundance of caution, another judge might have granted the challenge for cause based on the timing between the court-martial and the publication of the article. However, that is not the test. We find this judge did not abuse his discretion by denying the challenge.” Miles, ACM 34094, slip opinion at 5.

Discussion

Before this Court, Appellant focuses on implied bias, arguing that “Lt Col Fernandez’s personal experiences with, and views on, the effects of cocaine use would cause an objective observer of the military justice system to doubt the fairness of [AJppellant’s court-martial.” The Government argues that Lt Col Fernandez was not necessarily disqualified because his nephew was a victim of drug abuse, and that Lt Col Fernandez’s decision “to make his personal situation public” does not, by itself, create an appearance of bias.
Rule for Courts-Martial [hereinafter R.C.M.] 912(f)(l)(N) requires that a member be excused for cause whenever it appears that the member “[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.” This rule includes actual bias as well as implied bias. United States v. Daulton, 45 M.J. 212, 217 (C.A.A.F.1996). Actual bias and implied bias are separate tests, but not separate grounds for a challenge. See United States v. Armstrong, 54 M.J. 51, 53 (C.A.A.F.2000). “The focus of this rule is on the perception or appearance of fairness of the military justice system.” United States v. Dale, 42 M.J. 384, 386 (C.A.A.F.1995). There is implied bias “when most people in the same position would be prejudiced.” United States v. Smart, 21 M.J. 15, 20 (C.M.A.1985). “Implied bias is viewed through the eyes of the public, focusing on the appearance of fairness.” United States v. Rome, 47 M.J. 467, 469 (C.A.A.F.1998).
Military judges are enjoined to be liberal in granting challenges for cause. See Smart, 21 M.J. at 18-19 n. 1. Because “a challenge for cause for actual bias is essen *195 tially one of credibility,” the military judge’s decision is given “great deference” because of his or her opportunity to observe the demeanor of court members and assess their credibility during voir dire. Daulton, 45 M.J. at 217 (citations omitted). However, implied bias is reviewed under an objective standard. Id Thus, we give the military judge less deference on questions of implied bias. United States v. Youngblood 47 M.J. 338, 341 (C.A.A.F.1997). “[IJssues of implied bias are reviewed under a standard less deferential than abuse of discretion but more deferential than de novo.” United States v. Downing, 56 M.J. 419, 422 (C.A.A.F.2002).
A member is not per se disqualified if he or she or a close relative has been a victim of a similar crime. Where a particularly traumatic similar crime was involved, however, we have found that denial of a challenge for cause violated the liberal-grant mandate. See Daulton, 45 M.J. at 214 (sister and mother of court member sexually abused); Smart, 21 M.J. at 16 (member was victim of multiple armed robberies).
Applying the test for implied bias, we hold that the military judge abused his limited discretion and violated the liberal-grant mandate in this case. Lt Col Fernandez’s 10-year-old nephew died as a result of his mother’s prenatal use of cocaine. He described this tragedy in his article for the base newspaper that was scheduled to be published shortly after Appellant’s court-martial. The record does not reflect whether the trial counsel’s comment about the traumatic nature of this event was based on his observation of Lt Col Fernandez’s demeanor or by his familiarity with the text of the article. Nevertheless, trial counsel’s comment that the event “evidently” was “a very traumatic experience” reflects the trial counsel’s awareness, notwithstanding Lt Col Fernandez’s sincere disclaimer during voir dire, that Lt Col Fernandez had been personally affected by another person’s drug abuse. We conclude that asking Lt Col Fernandez to set aside his memories of his nephews’ death and to impartially sentence Appellant for illegal drug use was “asking too much” of him and the system. See Daulton, 45 M.J. at 218; see also Dale, 42 M.J. at 386.
Furthermore, apart from Lt Col Fernandez’s personal experience with the effects of drug abuse, the scheduled publication of his “self-experience” four days after his participation in a court-martial for drug abuse would have added to the serious doubts in the minds of a reasonable observer about the fairness of the trial, if he had not been peremptorily challenged. See United States v. Wiesen, 56 M.J. 172, 176 (C.A.A.F.2001)(“serious doubts about the fairness of the military justice system” raised by denial of challenge). Thus, we conclude that the military judge violated the liberal-grant mandate by denying the challenge for cause.
Because Appellant pleaded guilty and was found guilty by the military judge, the error was harmless with respect to the findings. However, we hold that the peremptory challenge of Lt Col Fernandez did not render the error harmless with respect to the sentence. By promulgating R.C.M. 912(f)(4), the President granted Appellant the right to save his single peremptory challenge for use against a member not subject to challenge for cause. Armstrong, 54 M.J. at 55. That right was violated in this case when Appellant was forced to use his peremptory challenge against Lt Col Fernandez.

Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed with respect to the findings but reversed with respect to the sentence. The sentence is set aside. A sentence rehearing is authorized.