UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, YOB, and BERG
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Chief Warrant Officer Four NEIL S. LUBASKY
 United States Army, Appellant

 ARMY 20020924

 101st Airborne Division (Air Assault) and Fort Campbell (trial)
 Combined Arms Center and Fort Leavenworth (first and second rehearing)
 Robert L. Swann, Military Judge (trial)
 Timothy Grammel, Military Judge (first rehearing)
 Susan Arnold, Military Judge (second rehearing)
 Colonel Richard O. Hatch, Staff Judge Advocate (trial)
 Colonel Anne E. Ehrsam-Holland, Staff Judge Advocate (first rehearing
 recommendation)
 Lieutenant Colonel Neoma J. White, Acting Staff Judge Advocate (first
 rehearing post-trial addendum)
 Colonel Fred P. Taylor, Staff Judge Advocate (second rehearing
 recommendation and addendum)

For Appellant: Captain Jennifer A. Parker, JA; William E. Cassara; Esquire
(on brief).

For Appellee: Major Amber J. Williams, JA; Major LaJohnne A. White, JA (on
brief).

 27 September 2011

 ------------------------------------------------------------------
 SUMMARY DISPOSITION ON FURTHER REVIEW
 ------------------------------------------------------------------
Per Curium:

 This case comes before this court after a second sentence rehearing
for appellant’s conviction on seven specifications of larceny in violation
Article 121, Uniform Code of Military Justice, 10 U.S.C. §§ 921.[1] This
second sentence rehearing was conducted at Fort Leavenworth, Kansas by a
general court-martial composed of officer members, which sentenced the
appellant to forfeit all pay and allowances, to be confined for 24 months,
and to be dismissed from the service. The convening authority approved
only so much of the sentence as provided for confinement for 22 months,
forfeiture of $5,811.00 pay per month for 22 months, followed by a
forfeiture of $3,835.00 pay per month for 86 months.

 On appeal of this second sentence rehearing, appellant raises two
assignments of error, one of which merits discussion. Appellant alleges
that the military judge erred by failing to grant defense counsel’s
challenge for cause against all of the panel members on the basis of
implied bias[2]. This bias is alleged to have arisen after two individuals
imparted their knowledge of certain aspects of the case to members prior to
the start of the rehearing. These individuals who caused the issue were:
(1) a paralegal from the staff judge advocate’s office, who informed the
members that this was not the first hearing for this case; and (2) a panel
member telling other members that he was aware of the case and that there
was more to it than what they would see.

 In making judgments regarding implied bias, we look at the totality of
all the factual circumstances, and use an objective standard that focuses
on the appearance of fairness viewed through the eyes of the public.
United States v. Strand, 59 M.J. 455, 458 (C.A.A.F. 2004) (citing United
States v. Napolitano, 53 M.J. 162 (C.A.A.F. 2000) and United States v.
Rome, 47 M.J. 467 (C.A.A.F. 1998). Our standard for review of a military
judge’s decision to excuse a member for implied bias is “less deferential
than abuse of discretion, but more deferential than de novo review.”
Strand, 59 M.J. at 458 (citing United States v. Miles, 58 M.J. 195
(C.A.A.F. 2003) and United States v. Downing, 56 M.J. 419 (C.A.A.F. 2002)).
 Our superior court has also instructed that when there is no actual bias,
we should rarely invoke implied bias. United States v. Warden, 51 M.J. 78,
81-82 (C.A.A.F. 1999).

 FACTS

 The following are the relevant facts surrounding the two individuals
who were the sources of the alleged implied bias:

 (1) Specialist B.L.M., a paralegal for the office of the staff judge
advocate, was responsible for notifying and accounting for member presence
at the trial. While performing those duties, Specialist B.L.M. informed the
members that this was a sentence rehearing and it was not the first
rehearing for this case.
 (2) During individual voir dire of panel member Lieutenant Colonel
S., he disclosed that while all of the members were gathered in the
deliberation room prior to the start of the trial, he mentioned to the
other members that: he was the appellant’s current battalion commander; he
had reviewed the appellant’s case file; the case was very complicated; and
there had been numerous appeals. The military judge subsequently dismissed
Lieutenant Colonel S. for cause because of his prior knowledge of the case.

 The military judge conducted a thorough individual voir dire of all
members concerning the statements made by Specialist B.L.M. and Lieutenant
Colonel S. The questioning by counsel and the military judge revealed that
none of the members who sat on the sentence rehearing had any knowledge of
the specific details of the case. Although each member who heard the
comments had a slightly different recollection, the essence of what they
heard was that this was not the first rehearing and that there was more to
this case than what they would see. Each member who heard the comments by
either Specialist B.L.M. or Lieutenant Colonel S. individually affirmed
that he or she would follow the military judge’s instructions and base
their sentence solely on the evidence from the proceedings. Each of those
members also affirmed that they would give the accused a fair and impartial
trial. The military judge then made a specific finding that the members
were credible and candid in their assurances that they would limit their
consideration to the evidence that would be in front of them. The military
judge also gave a thorough instruction to the panel immediately prior to
their deliberations that their considerations must be limited to what they
heard in court and they were not to speculate regarding earlier
proceedings.

 DISCUSSION

 In his initial instructions to the panel, the military judge with
consent of government and defense counsel, informed the panel that this
case was a sentence rehearing based on legal error in the earlier case.
Although slightly more descriptive, the comments made by Specialist B.L.M.
and Lieutenant Colonel S. were very general in nature and merely informed
the members of the fact that this case was not before the panel as an
original trial. Neither the information provided by Specialist B.L.M., nor
the offhanded comments by Lieutenant Colonel S. gave any details of the
underlying facts of the case. Rather, the information they imparted to the
panel members related to the procedural posture of the case. Under the
totality of the factual circumstances in this case, including: the lack of
any specific knowledge of the facts of this case by the sitting panel
members prior to the rehearing; the limited and general nature of the
comments made by Specialist B.L.M. and Lieutenant Colonel S.; the absence
of any actual bias; and the assurances by the sitting panel members that
they would give appellant a fair trial based on the evidence from the
proceedings, we find that the public, focusing on the appearance of
fairness, would see the officers who sat on the panel as fully capable of
providing appellant a fair hearing.

 We also note that in denying the defense counsel challenge on grounds
of implied bias, the military judge did not specifically articulate his
findings in terms of implied bias. We recognize that the Navy-Marine Court
of Criminal Appeals recently determined that such an omission would trigger
a de novo review of the issue. United States v. Nash, NMCCA 201000220
(N.M. Ct. Crim. App. 28 June 2011) (unpub.). We do not make such a
determination in this case. However, under the facts in this case, even if
we applied a de novo review, we would not find implied bias. Therefore, we
uphold the decision of the military judge to deny the defense challenge to
all of the members on the basis of implied bias.

 CONCLUSION

 We have considered appellant's other assignment of error, including
matters raised pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982) and find all to be without merit. On consideration of the entire
record, we hold the sentence as approved by the convening authority correct
in law and fact. Accordingly, the sentence is AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] The underlying facts and procedural history regarding this case are
thoroughly detailed by the Court of Appeals for the Armed Forces at 68 MJ
260 (C.A.A.F. 2010).
[2] The concept of implied bias stems from Rule for Courts-Martial
912(f)(1)(N): “A member shall be excused for cause whenever it appears
that the member: [s]hould not sit as a member in the interest of having the
court-martial free from substantial doubt as to legality, fairness, and
impartiality.”